**SO ORDERED: December 2, 2011.**



_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHELLE DAWN INGLE, | ) | Case No. 10-16572-JKC-7A |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| DONALD CHEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 11-50048 |
| | ) | |
| MICHELLE DAWN INGLE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Debtor/Defendant Michelle Dawn Ingle's ("Debtor") Motion for Summary Judgment. The Court, having reviewed the parties' respective submission, now issues the following Order, wherein it denies Debtor's Motion.

**Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 322-23. If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986)).

**Discussion and Decision**

In his Complaint, Plaintiff Donald Chew ("Plaintiff") alleges that Plaintiff, at one time, gave Debtor permission to use his Citibank credit card. He later revoked that authorization, but Plaintiff continued to use the credit card. Debtor allegedly also took steps to increase the credit limit for the card and concealed credit card statements from Plaintiff. The debt in question is approximately $25,000. Plaintiff seeks to have that debt excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

Section 523(a)(4) of the Code excepts debts "for fraud or defalcation while acting in a

fiduciary capacity, embezzlement, or larceny . . . ." On summary judgment, Debtor argues that the only theory that Plaintiff may proceed under is embezzlement because Indiana does not recognize the crime of "larceny."[1]

The premise of Debtor's argument is incorrect. It is irrelevant that Indiana does not recognize the crime of "larceny." It is well established that for purposes of dischargability, the Court looks to federal common law to define what conduct constitutes larceny. *See In re Rose*, 934 F.2d 901, 903 n.2 (7th Cir.1991); *see also In re Ormsby*, 591 F.3d 1199, 1205 (9th Cir.2010); *In re Smith*, 253 F.3d 703, 703 (5th Cir.2001); *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988). According to the Seventh Circuit, "larceny" under section 523(a)(4) requires a showing that the Debtor wrongfully and with fraudulent intent took property from its owner. *Rose* at 903. The Court cannot say that Debtor is entitled to judgment as a matter of law on this theory.

Nor can the Court conclude that Debtor is entitled to judgment as a matter of law on the theory of embezzlement. Under the Bankruptcy Code, embezzlement is "the fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it has lawfully come." *In re Weber*, 892 F.2d 534, 538 (7th Cir.1989). To prove embezzlement, the creditor must show by a preponderance of the evidence (1) that the debtor appropriated the subject funds for her own benefit and (2) that she did so with fraudulent intent or deceit. *In re Sarama*, 192 B.R. 922, 927, 931 (N.D.Ill.1996); *In re Conder*, 196 B.R. 104, 110 (W.D.Wis.1995).

Plaintiff has alleged that at one point in time, he authorized Debtor to use his credit card but that he later retracted such authorization and that Debtor nevertheless continued to use the card. On summary judgment, Debtor argues that since the debt in question arose after Debtor was no longer

---

[1] The parties have stipulated that Debtor and Plaintiff did not have a fiduciary relationship.

authorized to use the credit card, Plaintiff is precluded from arguing that she misused property that was "entrusted" to her. At the summary judgment phase, the Court declines to interpret Plaintiff's claim in this way. The allegations before the Court suggest that Debtor either took property that did not belong to her or misused property entrusted to her. It would seem that the pivotal question, then, is whether she did either of those things with "fraudulent intent." That issue cannot be resolved on summary judgment, at least not on the record before the Court.[2]

For the above stated reasons, the Court denies Debtor's motion for summary judgment.

### 

Distribution:
David G. Walton, Jr.
Glen Emmett Koch, II
UST

---

[2] The Court notes that Debtor presented no evidence in support of her summary judgment motion. With respect to embezzlement, Debtor essentially argues that, even when viewed in the light most favorable to Plaintiff, the Complaint does not state a claim for embezzlement upon which relief can be granted. That argument was more appropriately made under Federal Rule of Civil Procedure 12(b)(6). Under the standard applicable to that rule, the Court:
> [W]ill dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir.1997)("It is enough if the complaint puts the defendants on notice of the claim and that some set of facts could be presented that would give rise to a right to relief."). In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of plaintiffs. *Mallett v. Wisconsin Div. of Vocational Rehab.,* 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio,* 93 F.3d 301, 305 (7th Cir.1996).

Under that standard, the Court cannot conclude that Debtor has failed to state a claim for embezzlement upon which relief can be granted.